IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **BINIAM WELDAY, R.N.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **CITY OF ST. ANN, MISSOURI**, | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| and | ) | **TRIAL BY JURY** |
| | ) | |
| ST. ANN POLICE OFFICER #1, | ) | |
| ST. ANN POLICE OFFICER #2, and | ) | |
| ST. ANN POLICE OFFICER #3, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| Serve:  Mayor:  Michael Corcoran | ) | |
|         City of St. Ann | ) | |
|         10405 St. Charles Rock Rd. | ) | |
|         St. Ann, MO 63074 | ) | |

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages against the **CITY OF ST. ANN**, MISSOURI and several as of yet unidentified **Police Officers of the CITY OF ST. ANN Police Department**, for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.  Plaintiff alleges that several as of yet unidentified police Officers of the CITY OF ST. ANN unlawfully stopped and detained Plaintiff and used excessive force against Plaintiff, in violation of Plaintiffs constitutional rights. Plaintiff alleges that the CITY OF ST. ANN is liable for Plaintiff's damages because the CITY OF ST. ANN and the Police Department, under the command and control of the City of St. Ann and City of St.

Ann Chief of Police, failed, on a continuing basis, to train, instruct, supervise, control and discipline the Officers at the CITY OF ST. ANN Police Department including several as of yet undetermined Police Officers of the City of St. Ann, and said failures were a result of official policy or the custom and practice of the CITY OF ST. ANN and the ST. ANN Police Department, and that said conduct caused the deprivation of Plaintiff's rights secured under the Constitution, the laws of the United States, and the laws of the State of Missouri.

2.  This action is brought pursuant to 42 U.S.C. Section 1983, 1981 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 T.J.S.C. Section 1.331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.

## PARTIES

3.  Plaintiff, BINIAM WELDAY is a 34 year old and resident of the City of St. Louis, State of MissourI. Plaintiff is African-American. Plaintiff is a registered nurse and Certified Medical Technician, with no prior criminal or traffic record of arrest or conviction..

4.  At all times referred to herein, **Defendant Police Officer #1** was a police Officers of the ST. ANN Police Department and at all times referred to herein was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF ST. ANN and the ST. ANN Police Department, and was acting under the direction and control of the ST. ANN Police Department and/or Chief of Police and was acting pursuant to either official policy or the custom and practice of the ST. ANN Police Department.

5.  At all times referred to herein, **Defendant Police Officer #2** was a police Officers of the ST. ANN Police Department and at all times referred to herein was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF ST. ANN and the ST.

ANN Police Department, and as acting under the direction and control of the ST. ANN Police Department and/or Chief of Police and was acting pursuant to either official policy or the custom and practice of the ST. ANN Police Department,

6. At all times referred to herein, **Defendant Police Officer #3** was a police Officers of the ST. ANN Police Department and at all times referred to herein was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF ST. ANN and the ST. ANN Police Department, and as acting under the direction and control of the ST. ANN Police Department and/or Chief of Police and was acting pursuant to either official policy or the custom and practice of the ST. ANN Police Department

7. **Robert "Bob" Schrader** was, at all times referred to herein, **Chief of Police for the CITY OF ST. ANN** Police Department and as such, he was the commanding Officers of Defendants, Police Officers 1, 2 and 3 and was responsible for the training, supervision, discipline and conduct of Defendants, Police Officers 1, 2 and 3 as more fully set forth herein. Chief Schrader is further responsible for enforcing the regulations of the ST. ANN Police Department and for ensuring that ST. ANN police Officers obey the laws of the State of Missouri and the United States of America. At all times referred to herein, Chief Schrader was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF ST. ANN and was acting under the direction and control of the CITY OF ST. ANN, and was acting pursuant to either official policy or the custom and practice of the CITY OF ST. ANN Police Department. Chief Schrader was the policy maker for the ST. ANN Police Department in all matters that are alleged herein. In the alternative, Chief Schrader participated in the promulgation of policy for the ST. ANN Police Department and was directly responsible for its implementation, in whole or in part.

3

8. In the alternative, the CITY OF ST. ANN. acting by and through elected officials and/or its City Mayor, Michael G. Corcoran is and was the policymaker for the CITY OF ST. ANN Police Department in all matters that are alleged herein with the power and duty to supervise, discipline and control the conduct of Defendants, Police Officers 1, 2 and 3.

9. The CITY OF ST. ANN, MISSOURI (hereinafter "the CITY" or "the Defendant CITY") is a municipal corporation, organized and existing in accordance with the laws of the State of Missouri.

9. Plaintiff sues Defendant Police Officers 1, 2 and 3 in both their individual and official capacities.

10. At all times referred to herein, the CITY OF ST. ANN and its agents and servants, including Chief Schrader and Defendant Police Officers 1, 2 and 3 acted under color of the laws. statutes, ordinances, regulations, policies, customs, and usages of the State of Missouri, and the CITY OF ST. ANN Police Department and pursuant to their authority as Chief of Police and police officers, respectively.

## FACTS

12. On or about September 6, 2012, Defendant Police Officers 1, 2 and 3 among others were on duty as CITY OF ST. ANN Police Officers when, acting together and in concert, the Officers stopped the vehicle driven by Plaintiff and detained Plaintiff. Plaintiff was lawfully operating his vehicle within the city limits of the CITY OF ST. ANN at the time his vehicle was stopped by the aforesaid Officers.

13. Plaintiff was driving to his place of employment, Mizpah Manor at 11325 St. Charles Rock Rd., in the City of St. Ann where he was employed as an RN.

14. Plaintiff came to a stop in front of his place of employment when he observed a police

4

vehicle following him.

15. Upon stopping Plaintiff and without questioning him or explaining their actions, Plaintiff was bodily grabbed, pulled from his vehicle, thrown to the ground, beaten, tased multiple times and had his head pushed to the pavement by the aforesaid 3 Defendant Police Officers 1, 2 and 3.

16. Thereafter, Plaintiff was handcuffed and bleeding profusely and taken to the St. Ann Police Department although unfit for confinement and held for 24 hours except for being taken to DePaul Health Center, before being released without any criminal charges.

17. Because he was bleeding profusely and unit for confinement, Plaintiff was taken to DePaul Health Center where he received stitches to his face, but not permitted to receive treatment for his other injuries.

18. Plaintiff's vehicle was towed to Doc's Towing, Inc., and he had to pay $220 for the release of his vehicle.

19. That although Plaintiff filed a **Internal Affairs Complaint** with St. Ann Police Department Internal Affairs and Chief Schrader no investigation was concluded and Plaintiff was never called in to identify the officers who beat, arrested and detained him and for that reason is still not able to identify the said police officers by name at this time.

## CAUSE OF ACTION

## COUNT I

### SEIZURE OF PLAINTIFF IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY THE USE OF EXCESSIVE FORCE BY DEFENDANT POLICE OFFICERS, 1, 2 AND 3 COGNIZABLE UNDER 42 U.S.C. 1983

For his cause of action against **Defendant Police Officers 1, 2, and 3** in Count I, Plaintiff states;

5

20. By this reference Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. Defendant Police Officers 1, 2, and 3 used unnecessary, unreasonable and excessive force against Plaintiff and thereby caused a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments by grabbing Plaintiff's head, requiring stitches, tazer wounds to his back as well as injuries to shoulders, ribs, neck, chest, back and right knee it when no use of physical force was justified because Plaintiff was not being placed in custody, had not failed to comply with a lawful directive or command of the Officers, and had not threatened the Officers or anyone else with physical violence or placed under arrest. Therefore, the use of force was unreasonable because it was not necessary for any purpose.

22. As a direct and proximate result of the afore-described unlawful and malicious physical abuse of Plaintiff by Defendant Police Officers 1, 2, and 3 all committed under color of law and under their authority as a CITY OF ST. ANN Police Officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1983.

23. As a direct and proximate result of the malicious, brutal and outrageous conduct of Defendant Police Officers 1, 2, and 3 as afore-described, Plaintiff suffered permanent injuries and damages including an injury to his head, requiring stitches, tazer wounds to his back as well as injuries to shoulders, ribs, neck, chest, back and right knee. Plaintiff suffered intimidation, humiliation and emotional distress, and Plaintiff suffered anguish as a result of the conduct that resulted in deprivation of his Constitutional rights.  Additionally, Plaintiff has suffered special damages in the form of medical expenses and will suffer additional special damages in the future in an amount which cannot yet to be determined, and has been caused to limit his volunteer work

at miss a professional boxing match, causing Plaintiff to lose the purse he would have earned.

24.  The acts of Defendant Police Officers 1, 2, and 3 as afore-described were intentional, wanton. malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Police Officers 1, 2, and 3.

25.  If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Police Officers 1, 2, and 3 for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### SEIZURE IN VIOLATIQN OF THE FOURTH AMENDMFNT BY THE STOP AND DETENTION OF PLAINTIFF BY DEFENDANT POLICE OFFICERS 1, 2 AND 3 COGNIZABLE UNDER 42 USC. 51983

For his cause of action against **Defendant Police Officers 1, 2, and 3** in Count II, Plaintiff states:

26.  By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 25 of this  Complaint as though fully set forth herein.

27.  Defendant Police Officers 1, 2, and 3, without probable cause, reasonable suspicion or lawful authority, stopped and detained Plaintiff.

28.  The stop and detention were and are in violation of the Plaintiffs right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected wider 42 U.S.C. l983.

29.  As a direct and proximate result of the stop and detention of Plaintiff as afore-

7

described, Plaintiff has suffered emotional distress and mental anguish.

30. The acts of Defendant Police Officers 1, 2, and 3 as afore-described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendants.

31. If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. §1988.

WHEREFORE., Plaintiff prays for judgment against Defendant Police Officers 1, 2, and 3 for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### FAILURE TO INSTRUCT, SUPERVISE. CONTROL AND DISCIPLINE, DIRECTED AGAINST THE CITY OF ST. ANN CONNIZABLE UNDER 42 U.S.C. 1983

For his cause of action against **Defendant CITY OF ST. ANN** (hereinafter referred to as the "CITY") in Count III, Plaintiff states:

32. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. There exists within the CITY OF ST. ANN Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the department, that caused the constitutional deprivations of the Plaintiff as has been more fully set forth herein.

34. The policies, customs, practices and usages that exist and that existed are:

    a. to physically assault, abuse and otherwise use force and excessive force against citizens, without regard for the need for the use of force, or without regard for the legality of its use and/or in a retaliatory or punitive way.

    b. to stop and detain motorists without probable cause, reasonable

8

      suspicion, or lawful excuse or justification. This practice may he referred to as a "spot check."

      c.    to ratify misconduct of police Officers by failing to correct or discipline Officers who engage in misconduct.

      d.    failing to receive, investigate and sustain complaints of Officers misconduct. This is a failure of the duty of the CITY to supervise and control its Officers, which empowers the Officers or causes the Officers to believe they are empowered to engage in misconduct

      e.    the practice of the Officers of the department to protect one another by failing to report misconduct of other Officers, known or suspected, and by lying about incident of misconduct if asked.. This phenomenon is commonly known as the code of silence.

35. The CITY is vested with the authority and has the duty to screen, train, supervise, discipline and otherwise control the Officers of the ST. ANN Police Department. The CITY has effectively abrogated or delegated the power to so screen, train, supervise, discipline and control the Officers of the ST. ANN Police Department by failing to act in the face of transgressions of which the CITY knew or should have known. As the lawfully designated policymaking body for the CITY OF ST. ANN Police Department, the CITY has the power and responsibility to prevent the existence of the policies and practices as afore-described and has failed and refused to do so. The failure of the CITY to act to prevent constitutionally violative conduct as afore-described caused the constitutional deprivations that have been suffered by the Plaintiff.

36. The Chief of Police, Robert Schrader is the commander in chief of the police department and is the highest ranking police Officers in the department.  He is delegated with the power and authority to control the conduct of the Officers of the CITY OF ST. ANN Police Department by the CITY; and Chief Schrader has failed and refused to properly train, to control, to discipline and to otherwise control the conduct of the Officers of the ST. ANN Police Department.

9

37. The CITY and/or the CITY Chief of Police and/or the City Mayor are the policymakers for the ST. ANN Police Department and the failure of the CITY and/or Chief Schrader and/or the City Mayor and each of them to affirmatively act in the face of transgressions about which they know or should know, establishes the policy of the ST. ANN Police Department to condone and otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this complaint. Had the CITY and/or the Chief of Police and/or the City Mayor or any of them affirmatively acted to properly screen and/or train the Officers of the ST. ANN Police Department or to properly supervise the Officers or to discipline the Officers when the Officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiff would not have occurred.

38. Chief Schrader and the CITY are aware, or should be aware, of the practice of improperly stopping and detaining and of using force or of using excessive force and of Officers lying about the facts of the incident to cover and conceal misconduct, and of the persistent failure and refusal of Officers to report violations of the constitution and laws, and when directly questioned about such violations, to lie about the incident. Nevertheless, the CITY and Chief Schrader did nothing to prevent or stop the practices.

39. In their failures as afore-described, the CITY and the Chief of Police intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the constitutional violation of which they knew or should have known and their culpability caused the constitution& violations of the Plaintiff.

40. As a direct and proximate result of the policies, customs, practices and usages of the CITY and/or the Chief of Police as afore-described, Plaintiff suffered damages as afore-described.

10

41.  If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. l988.

WHEREFORE, Plaintiff prays for judgment against Defendant CITY, for compensatory damage in an amount which is fair, just and reasonable tinder the circumstances, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT 1V

## ASSAULT AND BATTERY BY DEFENDANT POLICE OFFICERS 1, 2 AND 3 COGNIZABLE UNDER STATE LAW

For his cause of action against **Defendant Police Officers 1, 2, and 3** in Count IV, Plaintiff states:

42.  By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. The acts of Defendant Police Officers 1, 2, and 3 as afore-described were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

44.  As a direct and proximate result of the malicious and outrageous conduct of Defendant Police Officers 1, 2, and 3 as afore-described, Plaintiff suffered permanent injuries and damages including an injury to his head, requiring stitches, tazer wounds to his back as well as injuries to shoulders, ribs, neck, chest, back and right knee and Plaintiff suffered anguish, consternation, and emotional distress.

45.  As a direct and proximate cause of the acts of Defendant Police Officers 1, 2, and 3 as afore-described, Plaintiff suffered special damages in the form of medical expenses and lost

wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

46. The acts of Defendant Police Officers 1, 2, and 3 as afore-described were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendant Police Officers 1, 2, and 3.

WIIEREFORE, Plaintiff prays for judgment against Defendant Police Officers 1, 2, and 3 for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

## FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANT POLICE OFFICERS, 1, 2 AND 3 COGNIZABLE UNDERSTATE LAW

For his cause of action against **Defendant Police Officers 1, 2, and 3** in Count V, Plaintiff states:

47. By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. Defendant Police Officers 1, 2, and 3 at such times as previously set forth herein, intentionally caused the detention and restraint of Plaintiff against his will without probable cause that Plaintiff had committed any crime.

49. The conduct of Defendants, Police Officers 1, 2, and 3 in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff against his will.

50. As a direct and proximate result of Defendant Police Officers 1, 2, and 3 causing the detention and restraint of Plaintiff as afore-described, Plaintiff suffered emotional distress and mental anguish.

51.  The acts of Defendant Police Officers 1, 2, and 3 as afore-described were intentional, wanton, malicious and oppressive and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendant Police Officers 1, 2, and 3.

WHEREFORE, Plaintiff prays for judgment against Defendant Police Officers 1, 2, and 3 for compensatory damages in an amount which is fair and reasonable, and for punitive damages, plus costs of this action attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

>Respectfully submitted,

>  /s/ J. Justin Meehan
> J. JUSTIN MEEHAN   #24844
> Attorney for Plaintiff
> 2734 Lafayette
> St. Louis, MO 63104
> (314) 772-9494
> (314) 772-3604 Fax
> jjustinmeehan@aol.com